967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Bruce A. SEYMOUR, Debtor.
Bruce A. SEYMOUR, Appellant,
v.
AMERICAN SAVINGS; New West Federal Savings and Loan
Association, Assignee of FSLIC, Appellees.
 No. 91-15720.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Bruce A. Seymour ("Seymour") appeals from the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's decision granting appellee American Savings and Loan Association's ("American") Motion for Summary Judgment entered on October 16, 1989. We affirm.
 
 
 3
 Seymour had brought an action in the bankruptcy court for declaratory relief, permanent injunction, avoidance of the lien, quiet title, and recovery of a fraudulent transfer. The BAP found Seymour's claims meritless.
 
 
 4
 The real property at issue, located in Zephyr Cove, Nevada ("Property"), was owned by Seymour and his wife prior to September 27, 1982. The Property was subject to a judgment lien in favor of James D. Hunter, Inc. ("Hunter"). Seymour borrowed $450,000 from American[1] and gave American a deed of trust to the Property to secure the note. The deed was recorded after the Hunter lien. Hunter initiated foreclosure proceedings, and bought the property at an execution sale. No right of redemption was exercised in favor of American.
 
 
 5
 In January, 1984, Hunter conveyed the Property back to Seymour, who conveyed title to the Property to Land Resources Development Corporation ("Land Corporation") on February 6, 1984. Seymour owned shares in Land Corporation and was president of the corporation. Land Corporation filed bankruptcy in the Eastern District of California in April of 1988.
 
 
 6
 Seymour stopped making payments to American around November, 1982, and the Property was sold at a Trustee's Sale on June 30, 1988, to American. Seymour filed the present bankruptcy action on January 3, 1989. A complaint was filed by Seymour on February 1, 1989, in the bankruptcy court in the Northern District of California. In his complaint, Seymour sought to have the property declared free and clear of American's deed of trust. American filed a Motion for Summary Judgment which was granted by the bankruptcy court. A Motion for Reconsideration was denied, and the case was appealed by Seymour to the BAP which affirmed the decision of the bankruptcy court. Seymour's Motion for a Rehearing was denied by the BAP. Appeal to this court followed.
 
 STANDARD OF REVIEW
 
 7
 Decisions of the BAP are reviewed de novo. In re Two "S" Corp., 875 F.2d 240, 242 (9th Cir.1989). The court of appeals and the BAP review the bankruptcy court's conclusions of law de novo and its finding of facts under the clearly erroneous standard. Id.
 
 STANDING
 
 8
 Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). The existence and nature of a debtor's interest in property are determined by state law, In re Foam Systems Co., 92 B.R. 406, 409 (Bankr. 9th Cir.1988), aff'd, Ins. Co. of the West v. Simon, 893 F.2d 1338 (9th Cir.1990), and an essential element of Seymour's quiet title claim is that he demonstrate his title to the property in dispute. Daly v. Lahontan Mines, Co., 151 P. 514, 516 (Nev.1915), aff'd, 158 P. 285 (Nev.1916).
 
 
 9
 Seymour conceded in his complaint that he was a tenant on the property, and that title to the property was vested in Land Corporation. Seymour's interest in the property was a leasehold interest, which did not vest in Seymour the right to question the title to the property without the participation of the property owner and real party in interest, Land Corporation.
 
 
 10
 The trustee for Land Corporation would be a proper party to bring the present action, but not Seymour as a tenant.[2] As Seymour is unable to challenge the title to the real property, the BAP decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 American, the named defendant, was the predecessor-in-interest of appellee New West Federal Savings and Loan Association. State Savings and Loan Association is the predecessor of American Savings and Loan Association. The appellee shall be referred to solely as American, which term shall include any references to New West and State Savings
 
 
 [2]
 Land Corporation filed for relief under Chapter 11 in April of 1988. As BAP noted in its opinion, the same issue "was litigated there with the same results." Bankruptcy Appellate Panel of the Ninth Circuit, BAP No. NC-89-2190-OMeV (March 27, 1991). Even though Land Corporation's trustee would be a proper party to bring an action such as Seymour pursues here, the action would be barred by res judicata